# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | 11-10-2010 |
|---|---|---|---|
| CASE NUMBER | 10 C 7035 | DATE | NOV 10 2010 |
| CASE TITLE | Quentin Love (#R-23071) v. G. Lindquist, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at the plaintiff's current place of incarceration to deduct $41.01 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Logan Correctional Center. The Clerk shall issue summonses to Defendants Lindquist and Mitchell. The Clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■[For further details see text below.]          Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Illinois Department of Corrections at Logan Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, G. Lindquist and J.F. Mitchell, medical/dental personnel at the Northern Reception and Classification Center at Stateville Correctional Center violated his constitutional rights by failing to provide adequate dental care in March of 2010. More specifically, the plaintiff alleges that he had an abscessed tooth and although he was promised surgery on March 26, 2010, he was, instead, transferred to Logan Correctional Center without having the promised surgery. Although he ultimately had the tooth extracted, he suffered pain and has resulting problems with his gums and teeth.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $41.01. The inmate trust officer at Logan Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the Court finds that the plaintiff has articulated a colorable federal cause of action against the defendants Lindquist and Mitchell (hereinafter, "the defendants"). "[D]ental care is one of the most important medical needs of inmates." *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) (citations omitted).

      The Clerk shall issue summonses to the defendants forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

      The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any Court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.

      The plaintiff has submitted correspondence to the Court stating that there are other, unidentified defendants whom he wishes to name in this suit. The plaintiff should wait until the complaint is served in this case and counsel for the defendants has appeared and answered the complaint. At that point, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendant or defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may seek leave to amend the complaint to name the new defendants. Summonses will then issue for service on the defendants in interest and the supervisory defendant will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

      Finally, the plaintiff has submitted two pieces of correspondence to the court seeking court action. The plaintiff is cautioned that it is improper for litigants in an action to communicate directly with judges about cases pending before them. If the plaintiff seeks action by the Court in the future he must submit such requests as motions, together with proof of service. All future correspondence will be stricken.